UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-cr-00033-JAW |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER ON MOTION FOR DOWNWARD DEPARTURE**

William Leland returns to Court. On January 19, 2012, he filed his ninth post-judgment motion. *Pet.'s Mot. for Downward Departure Based on Extra Ordinary Confinement of a Fed. Inmate in a Non-Fed. Pre-Trial Inst.* (Docket # 385) (*Def.'s Downward Mot.*). The Government responded. *Gov't's Resp. to Pet.'s Jan. 17, 2012 Mot. for Downward Departure Based on Extra Ordinary Confinement of Fed. Inmate in a Non-Fed. Pre-Trial Inst.* (Docket # 386).

**I.  STATEMENT OF FACTS**

On October 28, 2005, the Court sentenced William Leland to concurrent terms of 252 months incarceration for multiple drug trafficking crimes and one firearms count. *J.* (Docket # 334). Mr. Leland has repeatedly challenged his sentence. In this latest challenge, relying primarily on *United States v. Brinton*, 139 F.3d 718 (9th Cir. 1998), Mr. Leland says that because he was held in state prison during the pretrial and presentencing phases, he should have received a downward departure. *Def.'s Downward Mot.* at 1-7.

**II.  MOTION FOR DOWNWARD DEPARTURE**

The Court has repeatedly explained to Mr. Leland that it does not have the legal authority to reduce his sentence. *Order on Mot. to Am. Presentence Report* (Docket # 384); *Order Denying Mot. for Relief from Final J. Under Rule 60(b)/(d)* (Docket # 371); *Order Denying* Pro Se *Mot. to Reduce Sentence* (Docket # 365); *Order on Appl. For Leave to File a Second or Successive Mot. to Vacate, Set Aside or Correct Sentence under 29 U.S.C. § 2255 by a Prisoner in Fed. Custody* (Docket # 363); *Order Denying Def. William Leland's* Pro Se *Mot. for Sentence Reduction* (Docket # 354). After a federal court imposes a sentence, the law significantly limits the number of avenues under which the sentence may be challenged, the number of times the sentence may be challenged, and the period of time the sentence may be challenged. In Mr. Leland's case, he has long since and repeatedly exhausted all of these available avenues. Once again, for the reasons previously explained, the Court does not have the legal right to change his sentence. If the Court decided to ignore the law and reduce Mr. Leland's sentence, the Government would successfully appeal and the Court of Appeals for the First Circuit would reinstate the original sentence because the reduction would be illegal.

To complete the loop, the Court briefly addresses Mr. Leland's contention that he is entitled to a reduction in his sentence because he spent time in state prison during the pretrial and presentencing phases of his case. He is simply wrong. The primary case he cites, *United States v. Brinton*, 139 F.3d 718 (9th Cir. 1998), does not support his contention. In *Brinton*, the Ninth Circuit addressed a number of other issues on appeal and noted that the district court had reduced the

defendant's sentence by 30 months citing "the conditions under which Brinton was held prior to his transfer to a federal facility." *Id.* at 725. The Ninth Circuit was decidedly skeptical about this downward departure:

> Here, the district court failed to explain why Brinton's incarceration in non-federal institutions was so unusual as to take the case outside the guidelines' heartland. A downward departure of thirty months, on the basis of two and one-half months in state custody, does not comport with the structure and theory of the guidelines as a whole. We ultimately need not decide whether the district court abused its discretion because the government waived its challenge to the downward departure by failing to object below, and Brinton's sentence must be vacated regardless. Nonetheless, the district court may wish to carefully consider the propriety of such a departure when it resentences Brinton.

*Id.* (internal citations omitted). Contrary to Mr. Leland's position, the Ninth Circuit does not support his claim; it was manifestly dubious about the appropriateness of the sentencing court's downward departure and instructed it to reconsider. The Court anticipates that any similar reduction would be greeted by the First Circuit with equal or greater skepticism.

## III. CONCLUSION

The Court DENIES William Leland's Motion for Downward Departure Based on Extra Ordinary Confinement of Federal Inmate in a Non-Federal Pre-Trial Institution (Docket # 385).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2012