UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:03-cr-00033-JAW-01 |
| | ) | |
| WILLIAM LELAND | ) | |

**ORDER ON MOTION FOR TRANSFER**

William Leland returns with his tenth post-judgment motion, this time requesting that the Court order the Bureau of Prisons to transfer him from his current place of incarceration to another federal facility. The Court denies the motion because it does not have the jurisdiction to order such a transfer.

**I.      STATEMENT OF FACTS**

On October 28, 2005, the Court sentenced William Leland to concurrent terms of 252 months incarceration for multiple drug trafficking crimes and one firearms count. *J.* (Docket # 334).

**II.     MOTION FOR ORDER OF TRANSFER**

On February 23, 2007, Mr. Leland, who is currently incarcerated in New Jersey, wrote the Court asking that it use its influence with the Bureau of Prisons to have him transferred to the newly-opened federal prison in Berlin, New Hampshire. *Mot. for Order of Transfer* (Docket # 387).

The Court has no such influence. As the Court recently explained to Mr. Leland:

> Mr. Leland is under a misimpression about the Court having classified him for Bureau of Prison (BOP) purposes. Under federal law, once the Court imposes a sentence, the BOP assumes legal authority over the prisoner. 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the [BOP] until the expiration of the term imposed, or until earlier released for satisfactory behavior . . . ."). The Court does not have the authority to designate the place of imprisonment; the BOP does. 18 U.S.C. § 3621(b). The Court does not have the authority to classify a prisoner; the BOP does. 18 U.S.C. § 3621(b). In short, the Court cannot reclassify Mr. Leland because it did not classify him.

*Order on Mot. to Am. Presentence Report* at 3 (Docket # 384). Congress has expressly given the BOP, not the courts, the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). In making this evaluation, the BOP considers a number of factors, including any recommendation that the sentencing court may have made at the time of sentencing regarding the "type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B); *United States v. Cintron-Fernandez*, 356 F.3d 340, 356 (1st Cir. 2004). But the BOP is free to reject the recommendation of the sentencing judge. *United States v. Boutot*, 480 F. Supp. 2d 413, 419-20 (D. Me. 2007). Once a person is incarcerated, the BOP has a procedure under which an inmate such as Mr. Leland may request a transfer and the inmate must exhaust BOP procedure before seeking judicial review. *See* 28 C.F.R. § 542.10; *Anderson v. Miller*, 772 F.3d 375, 378 (7th Cir. 1985). The Court urges Mr. Leland to use the procedures the BOP has established to make his case for being placed in a facility closer to his family.

To address one final point, Mr. Leland attaches to his motion an article from the *Bangor Daily News*, which describes an inmate who was returned to Maine

State Prison from incarceration in the state of Florida. *Id.* Ex. 2. But the article clearly states that the decision to move the state of Maine inmate from Florida to Maine was made not by a judge, but by the Commissioner of the Maine State Department of Corrections. *Id.* Just as in the Maine State system, Mr. Leland must turn to the BOP, not this Court, for the relief he is requesting.

The Court DENIES William Leland's Motion for an Order of Transfer (Docket # 387).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2012